UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JCC FULTON DEVELOPMENT, LLC,

       Petitioner,                                Case No. 1:23-mc-51501

v.                                                  Honorable Thomas L. Ludington
                                                       United States District Judge

DR. JOHN VARGAS,

       Respondent.
_____/

**ORDER DISMISSING PLAINTIFF'S ACTION FOR ISSANCE OF RULE 45
SUBPOENA TO NON-PARTY JOHN VARGAS**

On October 16, 2023, Petitioner JCC Fulton Development, LLC, filed an "Action for Issuance of Rule 45 Subpoena to Non-Party John Vargas." ECF No. 1. Petitioner, a Louisiana limited liability corporation, is a Defendant in *Yajaira Corbeille v. Harrah's New Orleans LLC, et al.*, ("Corbeille Litigation"), a negligence case currently pending in the United States District Court for the Eastern District of Louisiana. *See generally, Yajaira Corbeille v. Harrah's New Orleans LLC, et al.*, No. 22-cv-03274 (E.D. La.).

As part of the Corbeille Litigation, Petitioner seeks to depose Dr. John Vargas, D.O., a nonparty in Midland, Michigan, who Petitioner alleges treated Yajaira Corbeille, the Corbeille-Litigation Plaintiff. ECF No. 1 at PageID.2. According to Petitioner, on October 9, 2023, Dr. Vargas was personally served with a "Notice of Video Trial Perpetuation Deposition via Zoom Only," *see id.* at PageID.10–12 (emphasis omitted), inviting Dr. Vargas to attend a remote deposition on October 24, 2023. *Id.* at PageID.3. But Dr. Vargas has "expressed his intention not to comply with [the] request[.]" *Id.*

Accordingly, Petitioner initiated this action seeking "an Order confirming procedures . . .

to further enforce through this Court's jurisdiction, a subpoena upon John Vargas, D.O., for testimony in this District, ancillary to the *Corbeille* litigation proceedings in the Eastern District of Louisiana's civil action[.]" *Id.* at PageID.3–4. To that end, Petitioner attached a proposed Eastern District of Michigan subpoena commanding Dr. Vargas's appearance at a remote deposition on October 24, 2023. *See* ECF No. 1 at PageID.16–18.

But this Court may not issue the subpoena Petitioner proposes. Civil Rile 45 clearly provides that "[a] subpoena *must* issue from the *court where the action is pending*." FED. R. CIV. P. 45(a)(2)[1] (emphasis added). And the relevant action here—the Corbeille Litigation—is not pending in this Court, but the Eastern District of Louisiana. *See generally, Yajaira Corbeille v. Harrah's New Orleans LLC, et al.*, No. 22-cv-03274 (E.D. La.). Thus, this Court may not issue the subpoena, so Petitioner's requested relief will be denied, and its Action will be dismissed.

Accordingly, it is **ORDERED** that Plaintiff's Action for Issuance of Rule 45 Subpoena to Non-Party John Vargas, ECF No. 1, is **DISMISSED**.

**This is a final order and closes the above-captioned case**.

Dated: October 19, 2023            s/Thomas L. Ludington
                                   THOMAS L. LUDINGTON
                                   United States District Judge

---

[1] Petitioner asserts this Court has authority to issue the subpoena under Rule 45 because the subpoena seeks to compel the deposition of Dr. Vargas in the Eastern District of Michigan. ECF No. 1 at PageID.2. But the *current* version of Civil Rule 45 does not grant such authority. Notably, before the 2013 Civil Rule 45 provided that subpoenas compelling attendance at a deposition should be issued "from the court for the district where the deposition is to be taken." FED. R. CIV. P. 45(a)(2)(B) (2007). But the relevant provision was simplified in 2013 to its current form, which clearly states the subpoena must issue from the court where the action is pending rather than from the court where compliance is required. *See* FED. R. CIV. P. 45(a) advisory committees' note to 2013 amendment ("The goal of the present amendments is to clarify and simplify the rule. The amendments recognize the court where the action is pending as the issuing court").